NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Robert and Carol Jacobsen., | |
| Plaintiffs, | Civ. No. 14-0376 |
| v. | Opinion |
| Citi (Bank) Mortgage Arizona/New Jersey, | |
| Defendant. | |

THOMPSON, U.S.D.J.

The present matter is before the Court on CitiMortgage, Inc.'s (hereinafter, "Defendant's") motion to dismiss.[1] Plaintiffs Robert Jacobsen and Carol Jacobsen do not oppose the motion. The Court has issued the Opinion below based upon the written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, Defendant's motion is granted.

BACKGROUND

The present matter stems from Defendant's apparent refusal to modify Plaintiffs' mortgage loans. (Doc. No. 1). This is the second lawsuit filed by Plaintiffs against Defendant and involves the same property and same actions. The first action, *Robert and Carol Jacobsen v. Citi (Bank) Mortgage/New Jersey*, Civil Action No. 13-cv-6914-AET-DEA, (hereinafter, "First Action") was initially filed in the Superior Court of New Jersey on October 18, 2013. (Doc. No. 5 at 4). This Court dismissed the first action for failure to state a claim.

---

[1] Defendant is improperly named Citi (Bank) Mortgage Arizona/New Jersey in the Complaint.

1

The present action was filed on October 24, 2013 and includes identical factual claims. In both cases, Plaintiffs allege the following:

> On Oct. 26-29, 2012, Citi(Bank)Mortgage, Defendant, became liable to consider Superstorm Sandy damages and to adjust existing pre-2009 mortgage in which real property is below its mortgage debt. That process has been extend by Citi (Bank) Mortgage and apparently ignored the banking + FEMA guidelines as well as the NJ Banking Commissions.

(Doc. No. 1). Plaintiffs have submitted the same correspondence in both actions and make the same claim that CMI is "deficient or inadequate in their jobs." (Doc. No. 1).

## DISCUSSION

For a case to be duplicative of another case, the issues presented in each "must have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 330 (3d Cir. 2007). A plaintiff may not "maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Walton v. Eaton Corp*, 563 F.2d 66, 70 (3d Cir. 1977). Duplicative actions should be dismissed. *See, e.g., Johnson v. Johnson*, CIV.A. 12-4112 RMB, 2013 WL 264595 (D.N.J. Jan. 23, 2013).

Here, Plaintiffs' Complaint in the present case involves the same parties, legal theories, facts, prayers for relief, and evidence. Plaintiffs have not shown a single way in which the present case differs from the First Action.

## CONCLUSION

For the reasons set forth above, the motion is granted.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J

Date:  3/3/14